MELLINGER, SANDERS & KARTZMAN, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. (973) 267-0220
By: Joseph R. Zapata, Jr., Esq.
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman,
Chapter 7 Trustee*

FILED
JEANNE A. NAUGHTON, CLERK
DEC 12 2017
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

| | |
|---|---|
| In re:<br><br>MICHAEL BRUDNY,<br><br>      Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Chapter 7<br><br>Case No.: 16-28492 (RG)<br><br>Honorable Rosemary Gambardella |

**ORDER APPROVING SETTLEMENT OF CONTROVERSY AND
SALE OF REAL PROPERTY**

The relief set forth on the following pages numbered two (2) through three (3) is hereby

**ORDERED.**

12-12-17    /s/ Rosemary Gambardella
       USBJ

Page 2 of 3
Case 16-28492-RG    Doc 31    Filed 12/12/17    Entered 12/12/17 15:45:02    Desc Main
Document    Page 2 of 6
Debtor: Brudny, Michael
Case No.    16-28492 (RG)
Caption of Order:    Order Approving Settlement of Controversy and Sale of Real Property

THIS MATTER, having been opened to the Court by Steven P. Kartzman, the Chapter 7 Trustee (the "Trustee") for Michael Brudny, Chapter 7 debtor ("Debtor"), by and through his counsel, Mellinger, Sanders & Kartzman, LLC, by the filing of a Motion for an Order (i) Authorizing and Approving Settlement of Controversy; (ii) Approving Sale of Real Property; (iii) Waiving 14 Day Stay of Order; and (iv) Granting Related Relief (the "Motion") relating to the Trustee's proposed sale of the Estate's interest in the real property located at 207 East Palm Rd., Wildwood, New Jersey (the "Property") and resolving other issues; and due and proper notice of the Motion and related matters before the Court in this case having been given and the Court having considered the moving papers and opposition thereto, if any; and oral argument, if any; and good and sufficient cause existing for the granting of the relief as set forth herein,

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.    Full and adequate notice of the Motion has been afforded to all interested parties.

B.    The transactions being proposed by the Trustee were negotiated at arm's length and in good faith.

C.    The transaction described in the Motion is a valid exercise of the Trustee's business judgment.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The Motion is granted and the Stipulation of Settlement and Sale Agreement is approved. A true and correct copy of the Stipulation of Settlement and Sale Agreement is annexed hereto as Exhibit A.

2.    The sale of the Trustee's right, title, and interest in the Wildwood Property and of the Debtor's interest in his mother's estate, to James P. Brudny, Jr., pursuant to the terms and

Page 3 of 3
Case 16-28492-RG Bruno, Michael Doc 31 Filed 12/12/17 Entered 12/12/17 15:45:02 Desc Main Document Page 3 of 6
Case No.        16-28492 (RG)
Caption of Order:   <u>Order Approving Settlement of Controversy and Sale of Real Property</u>

conditions set forth in the Stipulation, is hereby approved. The record and transcript of the hearing and all findings and determinations of this Court are hereby incorporated herein.

3.  The Trustee is hereby authorized to execute such necessary and appropriate documents in order to effectuate the aforesaid sale.

4.  The Court retains jurisdiction over the parties and this matter for, *inter alia*, purposes of enforcing this order and otherwise implementing the sale.

5.  The stay provisions under Fed. R. Bankr. P. 6004(h) be and hereby are waived and, therefore, not applicable to this sale.

MELLINGER, SANDERS & KARTZMAN, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. (973) 267-0220
By: Joseph R. Zapata, Jr., Esq.
jzapata@msklaw.net
*Attorneys for Steven P. Kartzman,*
*Chapter 7 Trustee*

| | |
|---|---|
| In re:<br><br>MICHAEL BRUDNY,<br><br>　　　　　　　　Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Chapter 7<br><br>Case No.: 16-28492 (RG)<br><br>Honorable Rosemary Gambardella |

## STIPULATION OF SETTLEMENT AND SALE AGREEMENT

**THIS STIPULATION** is made as of this _____ day of October, 2017 by between and among Steven P. Kartzman, Trustee for Michael Brudny (the "Trustee"), Michael Brudny (the "Debtor") and James J. Brudny, Jr. ("James").

**WHEREAS**, Michael Brudny filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 27, 2016 (the "Petition Date"); and

**WHEREAS**, Steven P. Kartzman serves as the Trustee in the Debtor's bankruptcy proceeding; and

**WHEREAS**, as of the Petition Date, the Debtor owned the property located at 207 East Palm Road, Wildwood, New Jersey (the "Wildwood Property") with his brother, James J. Brudny, Jr. ("James").; and

**WHEREAS**, the Trustee and James were negotiating the appropriate disposition of the Wildwood Property, reimbursement of James for post-petition carrying costs of the Wildwood Property and resolution of James' pre-petition claim against the Debtor when the Debtor's mother died; and

EXH. A.

WHEREAS, the timing of the Debtor's mother's death was such the Debtor's inheritance became property of the Estate pursuant to 11 U.S.C. §541(a)(5); and

WHEREAS, the Trustee and James have negotiated a resolution of the disputes between them concerning the liquidation of assets.

**NOW, THEREFORE, intending to be legally bound hereby, the parties hereto stipulate and agree as follows:**

1.  James will tender Twenty-Six Thousand Five Hundred Dollars ($26,500)(the "Payment") to the Trustee within 10 days of entry of a final, non-appealable order approving this Stipulation.

2.  Upon receipt of the Payment, the Trustee will execute and deliver the following to James:

    a.  A Trustee's Deed transferring the Estate's interest in the Wildwood Property to James, subject to existing liens, together with an Affidavit of Consideration, Seller's Residency Certificate and any other document reasonably required by James to facilitate his receipt of the Estate's interest in the Wildwood Property (as prepared by James' counsel); and

    b.  A document, prepared by James's counsel, transferring the Estates' interest in the Debtor's mother's decedent estate to James.

3.  The Debtor has waived his right to any exemption in the Wildwood Property and/or his mother's decedent estate or any funds received by the estate pursuant to this Stipulation, and is signifying same by signing below. The Debtor represents and warrants that he knows he has the right to independent legal counsel and has received all necessary legal advice prior to executing this Stipulation.

2

4. Upon receipt of the executed Deed and Assignment of inheritance, James will withdraw, with prejudice, his filed Proof of Claim, and waive any pre- and post-petition claims against the bankruptcy estate.

5. The terms of this Stipulation are subject to the Court's approval and the issuance of a Notice of Settlement (the "Notice") and the following:

(a) If no objection to the Notice is filed, the issuance and docketing of a Certification of No Objection by the Clerk of the Bankruptcy Court; or

(b) if any objection to the Notice is filed, the overruling of any such objection by this Court.

In the event that an objection to the settlement and/or sale is filed and sustained, the parties shall be restored to their pre-settlement positions.

6. The parties, and anyone who succeeds to their rights and responsibilities hereunder, including their successors and/or assigns, are bound by this Stipulation. This Stipulation is made for the benefit of the parties and all who succeed to their rights and responsibilities.

IN WITNESS WHEREOF, the parties have executed this Stipulation on the date first above written:

WITNESS:

_____    _____
                              Steven P. Kartzman, as Chapter 7 Trustee

_____    _____
                              Michael Brudny

_____    _____
                              James J. Brudny, Jr.

3